### THE MARGARETHA.

(Circuit Court of Appeals, Second Circuit. January 13, 1909.)

### No. 81.

1. ADMIRALTY (§ 28*)—LIABILITY OF VESSEL—FAILURE TO ENTER UPON CHARTER.

A vessel is not liable in rem for failure to enter upon a charter.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 279.; Dec. Dig. § 28.*]

2. SHIPPING (§ 35*)—CHARTER—AUTHORITY TO MAKE CHARTER.

Cablegrams between the owner of a tank steamer and his agents construed, and *held* to authorize the latter to charter the vessel to carry a cargo of merchandise, and to render the owner liable in damages for refusal to fulfill the charter, although he was under a mistake as to the nature of the cargo.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 35.*]

Appeal from the District Court of the United States for the Eastern District of New York.

Ullo, Ruebsamen & Yuzzolino (Lorenzo Ullo, of counsel), for appellant.

Wheeler, Cortis & Haight (Charles S. Haight, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. This is a libel against the steamship Margaretha, in rem, and against Giacomo Calo, her owner, in personam, to recover damages for refusal to load a cargo of naval stores from Savannah to Bristol at 13 shillings per ton under charter party dated August 19, 1905. The charter party not having been entered upon, there was no right against the steamship in rem (The Monte A [D. C.] 12 Fed. 331); but by an order entered on stipulation of the parties, which is not printed in the record, security given to release the vessel is to stand as if given by the respondent to release property covered by foreign attachment in an action in personam.

The defense is that the owner never authorized the charter to be made. The vessel was offered to the libelants by Bennett, Walsh & Co., of this city, for a cargo of naval stores—i. e., barrels of rosin, tar, or turpentine—from Savannah to Bristol. Bennett, Walsh & Co. derived their authority to sign by cable from Rob M. Sloman, Jr., of Hamburg, who derived his authority by cable from the owner, Giacomo Calo, of Tunis, Africa. The vessel is a tank steamer, having 14 tanks for liquid cargo in bulk, 7 on each side, and a hold forward for general merchandise. She was capable, however, of loading naval stores into her tanks, though at a greater expenditure of time and money, because of the small size of the hatches, which were intended for liquid cargo. The charter being at a rate of freight per ton, this difference would fall upon the owner. It is quite clear that the owner did not intend to authorize a charter for solid cargo in the tanks, but the District Judge held that the cables he received from Sloman did not justify his conclusion that the cargo offered for the tanks was to be liquid. He had been negotiating for a cargo of oil in tanks and general merchandise in the forward hold to the Mediterranean, which fell through. The subsequent cables which resulted in the charter under consideration tell their own story:

August 14th.

Bennett to Sloman: Margaretha the order quoted is now filled Mediterranean port, offer your firm subject to reply by 3 p. m. today, Savannah to Bristol 13/- full cargo naval stores to load and discharge as fast as steamer can receive and deliver, 2½% address commission.

August 14th.

Sloman to Calo: Mediterranean order gone I have an offer for Margaretha subject to answer New York three o'clock today Savannah Bristol 13/- full cargo loading and discharging as fast as the steamer can 5% total commissions telegraph instantly whether you entertain this business.

August 14th.

Bennett to Sloman: Margaretha we repeat offer.

August 15th.

Calo to Sloman: 13/- too low if you can increase offer I prefer Mediterranean.

August 15th.

Sloman to Bennett: Margaretha your rate is too low impossible to work business at your figures owners prefer Mediterranean.

August 18th.

Calo to Sloman: Margaretha free in August would accept Savannah Bristol if better impossible 13/- full cargo including hold for merchandise. Urgent answer.

'August 18th.

Sloman to Bennett: Margaretha owners say if you cannot do better accept Savannah to Bristol .13/-.

August 18th.

Bennett to Sloman: Margaretha we confirm charter answer if all is in order.

August 19th.

Sloman to Bennett: Margaretha will telegraph as soon as we hear from owners.

August 19th.

Calo to Sloman: Failing freight Savannah offer freight possibly petroleum for Mediterranean.

August 19th.

Sloman to Calo: New York telegraphs we have chartered Margaretha 13/– Savannah Bristol full cargo merchandise impossible better nothing offering petroleum telegraph instantly that everything in order.

August 19th.

Calo to Sloman: Agreed I give orders to Margaretha presently New York to sail to Savannah advise charterers to negotiate directly with the captain telegraph me urgently name of charterers.

As soon as the owner learned that solid cargo was to go into the tanks he repudiated the charter entirely. It is said that his cable of August 18th, by expressly mentioning merchandise for the forward hold, plainly showed Sloman that he was expecting liquid cargo in the tanks. If the use of the words "merchandise in the forward hold" was intended to express this distinction, the owner should have perceived from Sloman's answer, "Full cargo merchandise * * * nothing offering petroleum," that the whole cargo was to be merchandise and none of it oil. The agency to charter was special, and the burden lay upon the libelants to prove the authority of Bennett, Walsh & Co. and of Rob M. Sloman to sign the charter party for Calo. But we agree with the District Judge that they have done so by the cables. They show that Calo authorized the charter party to be signed for the cargo offered by the libelants, and, although he was laboring under a mistake as to its character, it was a mistake which greater care and attention on his part would have prevented. Everybody concerned was acting in good faith, and the decree is affirmed, with interest and costs.